UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TISHA E.,[1]

    **Plaintiff,**

v.

Case No. 3:20-cv-00526
Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**[2]

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Tisha E. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 12, *Defendant's Memorandum in Opposition*, ECF No. 15, *Plaintiff's Reply*, ECF No. 16, and the *Certified Administrative Record*, ECF No. 10. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court denies *Plaintiff's Statement of Errors* and affirms the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

I.   PROCEDURAL HISTORY

Plaintiff protectively filed her current application for supplemental security income on September 13, 2017, alleging that she has been disabled since December 2, 2015, based on a number of physical and mental impairments. R. 213-23.[3] The application was denied initially and upon reconsideration and Plaintiff requested a *de novo* hearing before an administrative law judge. R.148-50. Administrative Law Judge ("ALJ") Stuart Adkins held a hearing on August 6, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 36-70. In a decision dated November 26, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from September 13, 2017, the date on which the application was filed, through the date of that decision. R. 10-28. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on November 5, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 22, 2022, the case was reassigned to the undersigned. ECF No. 17. The matter is ripe for disposition.

II.  LEGAL STANDARD

A.   **Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the

---

[3] References to pages as they appear in the Certified Administrative Record will be cited as "R. __."

substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

    **B.**    **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof through step four; at step five, the burden

3

shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.     ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 40 years old on September 13, 2017, the date on which her application was filed. R. 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 12.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease ("DDD") lumbar; migraines; anxiety; bipolar; post-traumatic stress disorder ("PTSD"); cyst on pituitary gland; asthma; carpal tunnel syndrome ("CTS") status post-surgery; obesity; and arthropathy. *Id.*

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 13.

At step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lift up to 10 pounds occasionally and less than 10 pounds frequently; she could stand or walk two hours per shift and sit six hours per shift; can never climb ladders ropes and scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she could frequently handle finger and feel bilaterally; can have occasional exposure to dusts, odors, fumes and pulmonary irritants; the claimant could perform simple, routine tasks, but not at a production rate pace. The claimant could have occasional contact with supervisors and co-workers, but no contact with and the general public; no jobs requiring teamwork or tandem tasks; Can tolerate occasional changes to a routine work setting defined as 1-2 per week.

R. 16-17.[4] The ALJ also found that this RFC did not permit the performance of Plaintiff's past

---

[4] Although the ALJ referred to "light work," the parties appear to agree that the RFC is actually consistent with sedentary work. *See Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1474 n.4; *Defendant's Memorandum in Opposition*, ECF No 15, PageID# 1490 n.1.

relevant work. R. 26.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*i.e.*, jobs as a copy examiner, a lens gauger, and a document specialist—existed in the national economy and could be performed by Plaintiff. R. 27. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 13, 2017, the application date, through the date of the decision. R. 28.

Plaintiff disagrees with the ALJ's findings and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 16. Specifically, Plaintiff contends that the ALJ erred in evaluating her RFC, including the medical opinions and her symptoms, and failed to carry the burden at step five of the sequential evaluation. *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1476. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 15.

IV. **RELEVANT EVIDENCE AND DISCUSSION**

Plaintiff addresses only her physical impairments; the Court will therefore limit its discussion to those issues.

Plaintiff underwent carpel tunnel release procedures in 2018. R. 60. She testified at the administrative hearing that, even after those surgeries, her hands and arms go numb. R. 54. The numbness, tingling, and pain in her hands would prevent her from using her hand for six hours per day. R. 60-61. She also has pain in her back if she stands after sitting too long: "[W]henever I

6

go to stand up from sitting too long, I walk hunched over." R. 54. Standing or sitting—sometimes for as little as five minutes—results in back pain. R. 55. She testified that pain in her right leg began after sitting at the administrative hearing for 25 minutes. *Id*. Plaintiff was using a four-wheeled walker at the time of the hearing and testified that she had used a walker for a number of years, although she could not recall who had prescribed it. R. 56. A cane had recently been prescribed for her. R. 61. She has been prescribed a handicap placard since 2017. R. 63.

Plaintiff testified that she stays in bed "pretty much all day." R. 57. She cannot perform even light household chores. R. 58. Shopping causes pain, so she often delegates this task to others. *Id*. Asked how much she can lift, she replied, "[a] gallon of milk is too much." R. 59.

The vocational expert testified that a claimant with Plaintiff's vocational profile and the specific RFC ultimately found by the ALJ could perform a significant number of jobs in the national economy. R. 65. The vocational expert also testified that a restriction to only occasional handling, fingering, and feeling bilaterally, or a restriction to the use of a cane or walker for balancing, would preclude substantial gainful employment. R. 65-66.

Plaintiff argues that the ALJ erred in evaluating her RFC and symptom severity, and in his evaluation of treating source opinions, and that the ALJ failed to carry the burden at step five of the sequential evaluation. The Court will address these contentions in turn.

  **A.**  **RFC Finding and Step Five Determination**

In January 2018, James Cacchillo, D.O., reviewed the record on behalf of the state agency and opined that, from a physical standpoint, Plaintiff could engage in sedentary work further limited to standing or walking two hours per shift, sitting six hours per shift, and "frequently" using her right hand. R. 107. In March 2018, William Bolz, M.D., reviewed the record on reconsideration and affirmed that initial assessment. R. 121.

The ALJ found these opinions "somewhat consistent" with the record but found that "there [was] persuasive evidence of record that would indicate that further limitations [were] warranted." R. 19. Specifically, the ALJ found, *inter alia*, that, in light of Plaintiff's bilateral carpel tunnel surgeries and subsequent findings, Plaintiff "has bilateral upper extremity limitations. . . ." R. 19-20. In making this finding, the ALJ noted that, in 2016 and 2017, Plaintiff's upper extremity strength was normal, that in February 2018, Plaintiff was treated for bilateral wrist pain, numbness, and tingling in her hands and that, post-surgery, Plaintiff continued to exhibit positive Tinel's and Durkan's signs. R. 21. The ALJ went on to note that, despite these findings,

> the claimant's treatment history of record largely focus [sic] on her lumbar spinal impairments. Thus, considering the inconsistent treatment and subjective complaints of neck pain, . . . this evidence further supports a finding that the claimant is capable of lifting/carrying ten pounds frequently as well as frequently handle finger and feel bilaterally.

R. 21-22. Plaintiff contends that the ALJ's limitation to frequent handling, fingering, and feeling bilaterally "is not really a functional limitation at all" because it would require Plaintiff to use her hands for up to six hours in a workday. *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1476. To the contrary, a limitation to "frequent" use is less than continuous use. *See* S.S.R, 83-10, 1983 WL 31251, *6 ("Frequent" is defined as "occurring from one-third to two-thirds of the time."). Plaintiff also argues that the ALJ's determination in this regard was not harmless because the vocational expert testified that a limitation to even "occasional" use of Plaintiff's hands would eliminate the jobs identified by her and relied upon by the ALJ. *Plaintiff's Statement of Errors*, ECF No 12, PageID# 1477.

It is the province of the ALJ to determine a claimant's RFC. 20 C.F.R. § 416.946(c). In finding the limitation in Plaintiff's ability to use both her hands, the ALJ engaged in an

8

exhaustive discussion of the record, including Plaintiff's testimony and the medical record. R. 19-26. The ALJ's finding in this regard enjoys substantial support in the record. Even if there also exists evidence to support a contrary finding, this Court may not, under these circumstances, reweigh that evidence. *See Emard*, 953 F.3d at 849.

Plaintiff complains that the ALJ improperly found that Plaintiff's use of a walker or a cane was not medically necessary and that this finding was not harmless, because the vocational expert testified that the use of an assistive device was work preclusive. *Plaintiff's Statement of Errors,* ECF No. 12, PageID# 1477-78. The ALJ found that "the minimal evidence of record" and Plaintiff's "occasional use" of an assistive device "do[ ] not support a finding that the claimant's use of an assistive device is medically necessary and that use of an assistive device is needed on a continuous basis for ambulating and balancing. . . ." R. 22. As the Acting Commissioner notes, *Defendant's Memorandum in Opposition*, ECF No. 15, PageID# 1502, Plaintiff has not pointed to "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed. . . ." S.S.R. 96-9p, 1996 WL 374185, &*7 (July 2, 1006). This contention is without merit.

Plaintiff also complains that, in determining Plaintiff's RFC, the ALJ failed to accord "even deferential weight" to the opinions of various treating providers. *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1478. The ALJ considered these opinions, but stated that "their opinions are found to not be fully consistent with the other evidence of record. Thus, it has been determined that they are only somewhat persuasive." R. 26.

For claims such as Plaintiff's, *i.e.,* those filed after March 27, 2017,[5] the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 416.927 *with* 20 C.F.R. § 416.920c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Therefore, any contention that Plaintiff's treating source opinions are entitled to deference is incorrect. In any event, Plaintiff's argument in this regard is almost wholly undeveloped except for the observation that Plaintiff has been prescribed a handicap placard. *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1478. Under these circumstances, Court will not further address this argument.

B.  **Symptom Severity**

Plaintiff also contends that the ALJ erred in considering her symptoms. This Court disagrees. Subjective allegations of pain or other symptoms, unsupported by objective medical evidence, cannot alone establish a disability. 20 C.F.R. § 416.929(a). In evaluating a claimant's subjective complaints, an ALJ must follow a two-step process. S.S.R. 16-3p, 2017 WL 5180304 (Oct. 25, 2017).[6] First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id*. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related

---

[5] As noted above, Plaintiff filed her application on September 13, 2017.
[6] S.S.R. 16-3p superseded SSR 96-7p on March 26, 2016, and eliminated the use of the term "credibility." S.S.R. 16-3p. S.S.R. 16-3p clarifies that the ALJ should not make statements about an individual's truthfulness but should determine whether the claimant's subjective complaints are consistent with other evidence in the record.

activities[.]" *Id.* In conducting this evaluation, an ALJ must consider the objective medical evidence as well as other evidence relevant to a claimant's subjective symptoms. 20 C.F.R. § 416.929(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate pain or other symptoms; treatment, other than medication, currently received or have received for relief of pain or other symptoms; any measures currently used or have used to relieve pain or other symptoms; and other factors concerning your functional limitations and restrictions due to pain or other symptoms). Finally, although an ALJ's evaluation in this regard must be supported by substantial evidence, the ALJ has wide discretion to weigh the claimant's subjective complaints and may discount those complaints where they are not supported by other relevant objective evidence. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)(citing *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981).

In the case presently before the Court, the ALJ complied with this standard. For example, Plaintiff complained of pain in her lower back but, as the state agency physicians noted, examinations showed that she had normal muscle tone, normal sensation, and full strength in all her extremities. R. 103. The ALJ also noted that Plaintiff's alleged pain "appears to be adequately managed with conservative treatment, despite her subjective complaints." R. 23. The ALJ further found:

> Furthermore, the claimant asserts that she is disabled because of her inability to stand and sit for a long period of time. She also indicates that she has right wrist symptoms, which cause her to drop things and hand cramping. Moreover, in the claimant's function report, she remarked that she has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, memory, completing tasks, concentration, understanding, using hands, and getting along with others. However, despite her subjective complaints, the claimant continues to be capable of having sufficient physical capacity and adequate mental acuity to live

> independently (currently with her aunt). Based upon the evidence of record, it has been determined that the claimant has rather intact mental and physical capabilities.

R. 18 (citations to the record omitted). The ALJ specifically found that "[the] extent of [physical] limitation alleged is largely unsubstantiated by convincing objective medical evidence or clinical findings." *Id.*

In support of her argument that the ALJ erred in considering her symptoms, Plaintiff merely points to evidence that could support an opposite finding. *See Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1476-78. But it is well-settled that, if an ALJ's finding is supported by substantial evidence, this Court must defer to that decision even if evidence exists to support Plaintiff's contentions. *See Blakley*, 581 F.3d at 406 ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Plaintiff's contention is without merit.

## V.     CONCLUSION

For these reasons, the Court **DENIES** *Plaintiff's Statement of Errors*, ECF No. 12, and **AFFIRMS** the Commissioner's decision.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date: January 4, 2023                             *s/Norah McCann King*
                                                                 NORAH McCANN KING
                                                    UNITED STATES MAGISTRATE JUDGE